IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2015 OCT -2  PM 12: 19

CLERK'S OFFICE
AT BALTIMORE

| | | |
|---|---|---|
| JOHN D. BRANTLEY | * | |
| Plaintiff | * | |
| v | * | Civil Action No. RDB-15-2935 |
| STATE OF MD-OAG | * | |
| Defendant | * | |

\*\*\*

## MEMORANDUM OPINION

The above-entitled case was filed on September 28, 2015, together with Motions to Proceed in Forma Pauperis, to Set a Hearing, of Scope of Discovery, of Discovery, and to Admit Interrogatory. ECF 2 - 6  The Motion to Proceed in Forma Pauperis shall be granted; all remaining motions shall be denied as the Complaint must be dismissed for the reasons stated herein.

The Complaint appears to concern Plaintiff John D. Brantely's ("Brantley") dispute with the University of Maryland, Eastern Shore, regarding the award of a Master's Degree. ECF 1. The Complaint is written on a pre-printed form created for general civil matters to file in this Court. In the section of the form that asks the litigant to specify the facts of the case, Brantley writes "see attached." *Id.* at p. 2. In the relief section, Brantley seeks damages in the amount of $70,000 and an injunction against the Maryland state courts in issuing "discriminate" decisions. *Id.* at p. 3.

There is no attachment to the Complaint setting forth the facts supporting Brantley's claim. Rather, Brantley simply attaches copies of court orders issued by the District Court for Baltimore City (ECF 1-1), Motions filed by the Office of the Attorney General in the state case and correspondence to Brantley from various agencies including the University of Maryland

regarding his dispute over whether he has earned the degree he seeks to have released to him. Significantly, Brantley admits his state court complaint was dismissed with prejudice. *See* ECF 5 at p.5. Brantley evidently believes he is now entitled to seek review of the validity of the state court's decision in this Court and alleges the state court misapplied the Eleventh Amendment because the University of Maryland receives federal funding. *Id.*

To the extent the instant Complaint is Brantley's attempt to re-litigate the matters resolved by the state district court or to obtain review of that decision, the Complaint fails to state a cognizable claim. "Under the *Rooker-Feldman*[1] [abstention] doctrine, a 'party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court.'" *American Reliable Insurance v. Stillwell*, 336 F. 3d 311, 316 (4th Cir. 2003) quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994). The *Rooker-Feldman* doctrine is jurisdictional and, as such, this Court is free to raise it *sua sponte*. *Jordahl v. Democratic Party of Va.*, 122 F.3d 192, 197 n. 5 (4th Cir.1997). "[T]he *Rooker-Feldman* doctrine . . . by elevating substance over form, preserves the independence of state courts as well as congressional intent that an appeal from a state court decision must proceed through that state's system of appellate review rather than inferior federal courts." *Stillwell*, 336 F. 3d at 391. Simply put, since Brantley's state law claim is barred by *res judicata* and collateral estoppel in the Maryland state courts, the claim is also barred for the same reasons in this Court.

Additionally, this Court does not have jurisdiction to issue an injunction against the state courts from deciding cases. A writ of mandamus is an extraordinary writ that is only available in cases where no other means by which the relief sought could be granted. *In re Beard*, 811 F.2d

---

[1] *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482,(1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923).

818, 826 (4th Cir.1987). This Court has no jurisdiction to issue a writ of mandamus commanding a State court to entertain a motion or to decide matters pending before it in a way that differs from the decision already issued.. *See Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 587 (4th Cir. 1969), *see also* 28 U.S.C. § 1361.

To the extent there is some other claim intended by Brantley, that claim is not discernible from the papers filed. This court is not obliged to ferret through a Complaint, searching for viable claims. The instant Complaint "places an unjustifiable burden on defendants to determine the nature of the claim against them and to speculate on what their defenses might be" and imposes a burden on the court to sort out the factual basis of any claims fairly raised, making dismissal under Rule 8 appropriate. *Holsey v. Collins*, 90 F.R.D. 122 (D.Md.1981); *see also Spencer v. Hedges*, 838 F.2d 1210 (Table) (4th Cir.1988). To comply with the rule, a plaintiff must provide enough detail to illuminate the nature of the claim and allow Defendants to respond. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Although district courts have a duty to construe self-represented pleadings liberally, Plaintiff must nevertheless allege facts that state a cause of action. *See Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir.1985) (duty to construe liberally does not require courts to conjure up questions never squarely presented). There is nothing presented in the papers filed by Brantley to indicate that a viable cause of action has accrued on his behalf entitling him to relief on a claim that is not procedurally barred.

The Complaint shall be dismissed by separate Order which follows.

October 2, 2015
Date

_____
RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE